[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury. Many of the facts that give rise to this case are not in dispute. The plaintiff, whose maiden name is Teresa Perri, and the defendant, were married at DeCollatura, Italy, on September 1, 1956. The plaintiff has resided continuously in the State of Connecticut for at least twelve (12) months immediately prior to the date of the filing of the complaint. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are no minor children, issue of the marriage, and the plaintiff does not have any minor children. The parties do have adult children. Neither party has received state or municipal assistance. The plaintiff is sixty-one (61) years old. She has problems with her legs, including arthritis and phlebitis. She had her right knee replaced in 1990. She also had her gall bladder removed in 1992. The defendant is sixty-five (65) years old. He has disc problems as well as shoulder problems.
The defendant presently is retired. He receives a pension from Barden in the amount of $558.77 monthly. He also receives Social Security in the amount of $1,013 monthly. He also receives a pension from when he was employed in France which, based on the present rate of exchange, amounts to $123 monthly. The parties own a home at 9 Highland Avenue, Danbury, Connecticut, with a fair market value of $200,000. There is no mortgage on the property. The defendant owns a house in Platania, Italy, with a fair market value of $5,000, and no lien. The defendant has a bank account in France with a $904 balance, based on the present CT Page 275 rate of exchange. The home at 9 Highland Avenue, Danbury, Connecticut, consists of a first floor apartment that the defendant presently occupies. It also has two apartments on the second floor that are presently rented for $700 per month for each of the two apartments. There is also an apartment over the garage that is presently rented for $500. The parties have the following bank accounts:
1. Eagle Federal account number 21-52-160 in the name of "Patricia Villella, trustee for Teresa Villella, beneficiary." Patricia Villella is one of the children of the parties. The balance in that account as of December 6, 1995 of $43,499.55.
2. Account at Eagle Federal number 21-49-458 in the name of the plaintiff with a balance as of November 29, 1995 of $552.35.
3. Account at Eagle Federal number 21-28-103034 in the name of the plaintiff with a balance as of November 29, 1995 of $636.35.
4. Account at Eagle Federal number 21-85-1242 in the name of the plaintiff with a balance as of December 5, 1995 of $22,258.55.
5. Account at Shawmut Bank in the name of Teresa Villella and Patricia Villella, account number 4449682055. This is a CD that was established April 8, 1995 and matures April 8, 1996. The principal amount was $39,920.68. It bears interest at the rate of 2.45 percent.
6. Account at Union Savings Bank number 11009589 in the name of Francesco Villella for Teresa Villella with a balance as of July 25, 1994 of $12,469.28 and bearing interest at the rate of 3.56 percent.
7. Danbury Savings Loan number 21-21-00001000209 in the name of Philip Villella and Frank Villella with a balance due on this account as of November 21, 1994 is $27,036.13. It bears interest at the rate of 3.71 percent.
8. Eagle Federal number 21-001872-53 in the name of Frank Villella for Rachela Villella as joint tenants with rights of survivorship. The balance in this account is $4,121.14.
9. Nutmeg Federal number 50005768 in the name of Francis J. CT Page 276 Collins, trustee for Frank Villella, with an opening balance of $40,000 on November 30, 1994 and bearing interest at the rate of 5.16 percent.
10. Eagle Federal in the name of Frank Villella or Rachela Almeida account number 21-86-195 with a balance of $1,364.84.
11. A single premium annuity contract with Lamar Life Insurance Company in the name of Frank Villella, policy number 002LL13114, with a cash surrender value as of June 13, 1995 for $33,000 and an accumulation value as of June 13, 1995 of $35,309.89. This contract is not FDIC insured.
12. Life insurance on the life of the plaintiff through Prudential, contract number 26990729, with a cash surrender value of $6,021.44 as of April 27, 1995.
The court has considered the provisions of § 46b-82
regarding the issues of alimony, and has considered the provisions of § 46b-81(c) regarding the issues of property division, and has considered the provision of § 46b-62
regarding the issue of attorney's fees. The court enters the following orders:
A. BY WAY OF DISSOLUTION
1. The marriage between the parties is dissolved and each of the parties is declared to be single and unmarried.
B. BY WAY OF ALIMONY
1. The defendant is ordered to pay to the plaintiff alimony in the sum of $847 per month. Alimony is to terminate on the earliest of the following events: (a) the death of the plaintiff; (b) the death of the defendant; (c) the remarriage of the plaintiff. The provisions of §§ 46b-86(a) and 46b-86(b) are applicable.
2. In the event any COBRA health benefits are available to the plaintiff through the defendant's prior employment, then he is to take all necessary steps to make those benefits available to the plaintiff at the sole expense of the plaintiff.
3. The court orders that the defendant name the plaintiff as irrevocable beneficiary of his Prudential Life Insurance policy CT Page 277 for so long as there is an outstanding alimony order.
4. The court orders that the defendant name the plaintiff as the irrevocable beneficiary of his retirement pension with Barden for so long as there is an outstanding alimony order.
C. BY WAY OF PROPERTY ORDERS
1. The following accounts are assigned solely to the plaintiff: (a) Eagle Federal account number 21-52-160; (b) Eagle Federal account number 21-49-458; (c) Eagle Federal account number 21-28-103034; (d) Eagle Federal account number 21-85-1242; (e) Shawmut Bank account number 4449682055; (f) Union Savings Bank account number 11009589. The court assigns the following accounts to the defendant: (a) Danbury Savings and Loan account number 21-21-00001000209; (b) Eagle Federal account number 21-001872-53; (c) Nutmeg Federal account number 50005768; (e) Eagle Federal account number 21-86-195; (f) Lamar Life Insurance Company, policy number 002LL13114; (g) cash surrender value in Prudential life insurance policy number 26990729. The court also assigns to the defendant all of the right, title and interest in the pension in France, home in Platania, Italy and bank account in France.
2. The court orders that the family home located at 9 Highland Avenue be sold and the net proceeds be divided equally between the parties. Each party shall be responsible for the payment of one-half of any federal and/or state income taxes that are payable as a result of such sale. Until such time as the property is sold, the court orders that the defendant shall have the exclusive right to the use and occupancy of the first floor apartment for the period of April 1 through September 30 of each year with the defendant having the exclusive use of the apartment for the remaining portion of each year. During the time each party has the exclusive use of the first floor apartment, the other shall not occupy the family home or the apartment over the garage. The party who has the right to exclusive use and occupancy shall be responsible for the collection of the rents and the payment of all utilities and maintenance expenses from such rents. Each party shall provide the other party with a written accounting of their six month occupancy period with the first accounting due from the defendant to the plaintiff on April 1, 1996. The first accounting due from the plaintiff to the defendant will be due on October 1, 1996. Any surplus funds available from the rental income is to be divided equally between CT Page 278 the parties when the home is sold. The court retains jurisdiction over any dispute that may arise involving the home.
3. All of the furniture in the possession of the plaintiff as well as all of her jewelry is assigned to the plaintiff. All of the furniture in the possession of the defendant as well as his Chevrolet and Dodge motor vehicles are assigned to the defendant.
D. BY WAY OF ATTORNEY'S FEES
No attorney's fees are awarded in favor of either party.
E. MISCELLANEOUS ORDERS
1. The plaintiff is to notify the defendant within thirty (30) days from the date that she commences to receive Social Security payments.
2. The parties are ordered to exchange copies of their federal , and state income tax returns within thirty (30) days after such returns have been filed by certified mail, return receipt or registered mail, return receipt for so long as there is an outstanding alimony order.
3. Counsel for the plaintiff is to prepare the judgment file within thirty (30) days and forwarded to counsel for the defendant for signature and filing.
Axelrod, J.